IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUAPAW BRANDS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JOYI YAN, *et al.*<br><br>        Defendants. | 2:22-CV-01607-CCW |

**OPINION**

Before the Court are Plaintiff Aquapaw Brands LLC's ("Aquapaw") Motions for Default Judgment and Permanent Injunction. ECF Nos. 72, 73. For the reasons that follow, Aquapaw's Motions will be GRANTED.

**I.     Procedural History**

Aquapaw filed its Complaint on November 15, 2022. ECF No. 2. The Complaint alleges that Defendants offered for sale, sold, and distributed "knock-off versions" of Aquapaw's patented pet bathing tool. *Id.* at 4. According to Aquapaw, such actions infringe at least one claim of its patent, U.S. Patent No. 10,531,728,[1] in violation of 35 U.S.C. § 271.[2] *Id.* ¶ 43. Aquapaw also alleges that Defendants "reside or operate in foreign jurisdictions, or (though not foreign)

---

[1] The '728 Patent is for Aquapaw's "Hand Attachable Animal Washing Apparatus." ECF No. 2 ¶ 43. This bathing tool "is an innovative wearable sprayer-scrubber combination that easily connects to a garden hose or faucet and permits the owner to operate the device with one hand while they hold their pet firmly with the other hand." *Id.* ¶ 25.

[2] The Court has subject matter jurisdiction under 28 U.S.C §§ 1331 and 1338 because Aquapaw alleges violations of 35 U.S.C. § 271. Defendants have sufficient minimum contacts with Pennsylvania such that the Court may exercise specific personal jurisdiction over them. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102–03 (3d Cir. 2009); *see also* ECF No. 8 ¶ 3 (verifying that each Defendant shipped an infringing product to a Pennsylvania address in this judicial district).

In addition, the Court finds that service of process was proper. When approving alternative service pursuant to Rule 4(f)(3), *see* ECF No. 15, the Court granted such means because they comported with due process requirements and were not prohibited by any international agreement, *see also Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 2:13-cv-458, 2013 WL 1644808, *1–2 (W.D. Pa. Apr. 16, 2013) (Hornak, C.J.).

redistribute products from the same or similar sources in those foreign locations." *Id.* ¶ 17. Aquapaw then moved for an order authorizing alternative service under Federal Rule of Civil Procedure 4(f)(3). *See* ECF No. 9. The Court granted that motion in an order authorizing service via e-mail and website publication. *See* ECF No. 15 ¶¶ 1–2. Aquapaw subsequently effectuated service according to that order. *See* ECF No. 57.

Aquapaw also filed a motion for a temporary restraining order, *see* ECF No. 4, which the Court granted, *see* ECF No. 16. The temporary restraining order: (1) restrained Defendants from continuing their allegedly infringing activities; (2) directed Third Party Service Providers to freeze Defendants' assets; (3) authorized expedited written discovery on Defendants; and (4) set a hearing to determine whether a preliminary injunction should not issue. *See generally id.* After a hearing, of which Defendants had notice but at which no Defendant appeared, the Court converted the temporary restraining order into a preliminary injunction. *See* ECF No. 37.

Aquapaw has sued numerous defendants in this action. Throughout the litigation, many parties have been voluntarily dismissed. The remaining Defendants—i.e., those not yet dismissed as of the date of this Opinion and accompanying Order—did not answer or otherwise respond to the Complaint within the time required by Federal Rule of Civil Procedure 12. Therefore, Aquapaw requested, and the Clerk entered, default against those remaining Defendants pursuant to Rule 55(a). *See* ECF Nos. 60, 62. Following entry of default, Aquapaw filed the instant Motions, requesting:

> 1) the entry of a final judgment and permanent injunction by default in order to prevent Defendants from infringing Plaintiff's intellectual property rights in the future; 2) award of $1,800,000.00 against each Defendant, plus post-judgment interest; 3) a post-judgment asset restraining order and 4) an order authorizing the release and transfer of Defendants' frozen assets to satisfy the damages awarded to Plaintiff.

ECF Nos. 72, 73.

## II. Standard of Review

After the clerk has entered default and upon appropriate motion, the Court may enter default judgment pursuant to Rule 55(b)(2). Before entering default judgment, a court considers the following: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Courts must treat all factual allegations of the complaint as true, except those relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The district court has broad discretion in deciding a motion for default judgment. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

A patent holder seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The decision to grant such injunctive relief "is an act of equitable discretion by the district court." *Id.*

## III. Discussion

Aquapaw asks the Court to enter default judgment against all remaining Defendants, and seeks $1,800,000 in damages from each remaining Defendant. In addition, Aquapaw moves for a permanent injunction to prevent remaining Defendants from infringing on Aquapaw's intellectual property rights in the future, a post-judgment asset restraining order, and an order authorizing the release and transfer of remaining Defendants' frozen assets to satisfy the damages award.

A.  **Because the *Chamberlain* Factors Favor Default Judgment, the Court Will Enter Default Judgment Against Defendants**

The Court will now determine whether default judgment should be entered against all remaining Defendants and the amount of damages to award. First, the Court will consider whether prejudice to Aquapaw will result if default judgment is not entered. *Chamberlain*, 210 F.3d at 164. In similar cases, courts have found that a plaintiff does suffer prejudice when it "has been unable to enforce its patent rights or recover damages" against defendants. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). As this applies to Aquapaw, *see* ECF No. 74 at 8–9, the Court finds this factor weighs in favor of entering default judgment.

Second, the Court evaluates whether Defendants may have a litigable defense. Because Defendants have not appeared in this case, the Court cannot know what defenses they may have. *Chamberlain*, 210 F.3d at 164. Defendants' failure to appear prevents the Court from assessing their defenses so presumes there are none. *See, e.g.*, *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (doing same).

Third, "culpable conduct" is that which is done "willfully or in bad faith." *Hritz*, 732 F.2d at 1182. Here, Defendants' receipt of the Complaint and failure to appear or respond constitutes willful and therefore culpable conduct. *See Slater v. Yum Yum's 123 ABC*, No. 2:20-cv-00382, 2021 WL 2188599, at *6 (E.D. Pa. May 28, 2021).

Finally, although plaintiff's factual allegations in the pleadings are taken as true with respect to liability, the same deference does not apply to a plaintiff's request for damages. *PPG Inds. Inc. v. Jiangsu Tie Mao Glass Co.*, 47 F.4th 156, 161 (3d Cir. 2022). Rather, "the district court must determine the amount if it is not for 'a sum certain or a sum that can be made certain by computation.'" *Id.* (quoting Fed. R. Civ. P. 55(b)).

In this case, Aquapaw is entitled to damages as set forth in 35 U.S.C. § 284. Pursuant to this provision, a court may award damages adequate to compensate for patent infringement with interest and costs. *Id.* The Court may find a patent holder is entitled to lost profit damages if it establishes "(1) demand for the patented product; (2) absence of acceptable non-infringing alternatives; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit it would have made." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1285 (Fed. Cir. 2017).

The Court finds that Aquapaw has provided adequate support for the requested damages. First, Aquapaw has described the popularity of its product, the marketing resources it has expended, and the awards that its product has received. *See* ECF No. 5 ¶¶ 6–8. Second, given the innovative and unique nature of the product, Aquapaw has demonstrated an absence of acceptable non-infringing alternatives. *Id.* ¶¶ 11–13. Third, Aquapaw has presented extensive evidence that Defendants had the manufacturing and marketing capability to exploit the demand for Aquapaw's product and did, in fact, exploit that demand. *See* ECF Nos. 8-1–8-23. Finally, the damages award is appropriate because Defendants failed to respond to Aquapaw's Requests for Admission, and thereby are deemed to have admitted that for each unit they sold Aquapaw lost $20 in profit, that they sold 15,000 units each month, and that they did so for two months, totaling $600,000, plus post-judgment interest.[3] ECF No. 74 at 8–9. In addition, Aquapaw has suffered market share loss and reputational harm by Defendants "flood[ing] the market with cheap imitations." ECF No. 5 ¶ 13.

---

[3] As noted by another district court, "[d]amages calculations based upon unanswered requests for admissions served with the Complaint and allegations in the Complaint . . . is a wholly supported method of calculating damages here in the Western District of Pennsylvania." *Nifty Home Products, Inc. v. Ladynana*, No. 22-cv-994, 2023 WL 3276407, at *8 (W.D. Pa. May 5, 2023) (Schwab, J.) (collecting cases).

The Court also finds that treble damages are warranted in this case. Pursuant to 35 U.S.C. § 284, the Court may award treble damages in egregious cases of willful misconduct. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016). Even after a finding of willfulness, "the decision to enhance damages is a discretionary one that the district court should make based on the circumstances of the case." *Stryker Corp. v. Zimmer, Inc.*, 837 F.3d 1268, 1279 (Fed. Cir. 2016). In this case, Aquapaw has demonstrated that Defendants "intentionally infringed" on its patent for at least two months, such that treble damages are appropriate. ECF No. 74 at 10. Accordingly, the Court will enter default judgment against all remaining Defendants, and award Aquapaw $1,800,000 in damages from each remaining Defendant.

### B. Because Aquapaw Has Demonstrated the *eBay* Factors, the Court Will Grant the Request for a Permanent Injunction

For the following reasons, the Court will issue a permanent injunction that prevents Defendants from infringing on Aquapaw's intellectual property rights in the future, authorizes a post-judgment asset restraining order, and orders the release and transfer of Defendants' frozen assets to satisfy the damages award. First, Aquapaw has demonstrated an irreparable injury, *see eBay, Inc.*, 547 U.S. at 391, given the reputational harm, consumer ill will, and market share loss that it has suffered as result of Defendants' unlawful activities, ECF No. 5 ¶¶ 13–14, 18–22. Second, non-injunctive remedies, such as monetary damages, do not adequately address these injuries. *See Ferring Pharms., Inc. v. Watson Phams., Inc.*, 765 F.3d 205, 211 (3d Cir. 2014) ("[T]he harm necessarily caused to reputation and goodwill is irreparable because it is virtually impossible to quantify in terms of monetary damages."). Third, a permanent injunction is warranted when one weighs the hardships of Aquapaw—continued infringement on its patent—against those of Defendants—the ability to unlawfully infringe on Aquapaw's patent. Fourth, protecting intellectual property rights serves the public interest. *See Bill Blass, Ltd. v. SAZ Corp.*,

751 F.2d 152, 156 (Fed. Cir. 1984). Accordingly, Aquapaw's request for a permanent injunction will be granted.

## IV. Conclusion

For the reasons set forth above, Aquapaw's Motions for Default Judgment and Permanent Injunction, ECF Nos. 72, 73, will be GRANTED as set forth more fully in the accompanying Order.

DATED this 18th of May, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record